# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                                       Index No.
------------------------------------------------------------------------x
Samuel Cohen,

                                Plaintiff,              **SUMMONS**

    - against –

                                                        **JURY TRIAL DEMANDED**

CME Group Inc. Severance Plan, CME Group Inc., and Hilda Piell,

                                  Defendants.
------------------------------------------------------------------------x

TO THE DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney.

      If this summons was personally served upon you in the State of New York, the answer must be served within twenty days after such service, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

1

If you do not serve an answer to the attached Complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint.

Dated: New York, NY
March 17, 2021

                                                     Law Offices of Jason Lowe

/s/ *Jason Lowe*
By: Jason Lowe
Attorneys for Plaintiff
35 West 96th Street, 2C
New York, NY 10025
(212) 457-8698
JasonFLowe@gmail.com

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------x
Samuel Cohen,

                      Plaintiff,

- against –

CME Group Inc. Severance Plan, CME Group Inc., and Hilda Piell,

                      Defendants.
---------------------------------------------------------------------x

Index No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Samuel Cohen, by his attorneys, the Law Offices of Jason Lowe, for his complaint against the CME Group Inc. Severance Plan, CME Group, Inc., and Hilda Piele (collectively "Defendants"), allege as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA") to recover benefits due under employee benefit plans and to recover attorneys' fees and costs.

**Parties**

2. Plaintiff Samuel Cohen is a natural person and a resident of California.

3. CME Group Inc. ("CME Group") a corporation with its principal place of business in Illinois.

4. The CME Group Inc. Severance Plan, (the "Plan") is the severance plan for CME Group, Inc. and its subsidiary companies including the company plaintiff worked for, ENSO.

5. Hilda Piell is, on information and belief, a resident of Illinois.

1

6. Venue is proper in New York County because a substantial amount of the facts and circumstances occurred in New York County.

7. Venue is proper because CME Group Inc., for the relevant time period, operated in New York county, has an office in New York county, and a substantial part of the events and omissions giving rise to the claims in this case occurred in New York county.

8. All administrative remedies have been exhausted in this matter and thus this case is properly before this Court.

9. Defendant CME Group Inc. Severance Plan (the "Plan") is, and at all times relevant hereto was, an employee benefit plan within the meaning of ERISA section 3(3), 29 U.S.C. §1002(3). The Plan's office is located in Chicago, Illinois.

**Facts**

10. Plaintiff joined ENSO Financial Management ("ENSO") in 2014 as Client Service Analyst.

11. ENSO, which was part of NEX Group at the time, was acquired by CME Group in or around March 2018. At that time, the Plan was amended to include ENSO employees.

12. Throughout Plaintiff's time working for ENSO he was always an at will employee.

13. Plaintiff worked for ENSO in New York through December of 2018.

14. At that time Plaintiff informed his supervisors that he was moving to California and Plaintiff asked to continue working for the company from home. Plaintiff's supervisors agreed to this.

15. In June of 2019, ENSO terminated Plaintiff's employment.

2

16. ENSO's termination of Plaintiff is a qualifying termination under the plan and therefore Plaintiff is entitled to severance under the Plan.

17. Thus, in June 2019 Plaintiff sought benefits under the Plan.

18. On June 26, 2019, Emmanuel Bowman sent Mr. Cohen a written adverse benefit determination regarding Plaintiff request for severance under the Plan. The June 26, 2019 written adverse benefit determination did not follow ERISA guidelines.

19. Namely, the June 26, 2019 adverse determination letter did not, *inter alia*, reference to the specific plan provisions on which the determination is based or a description of the plan's review procedures and the time limits applicable to such procedures.

20. Nevertheless, in good faith, Plaintiff filed a written appeal of the June 26, 2019 adverse determination on July 8, 2019.

21. Defendant Piell, the Plan's administrator responded to that appeal on October 4, 2019 denying the appeal. That denial letter also violated ERISA guidelines in that it, *inter alia*, did not provide

   a. "A statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."

   b. Mr. Cohen was not provided with a complete set of documents which form the basis for Ms. Piell's denial of the appeal.

   c. The appeal did not provide a specific reasons for denial.

   d. The appeal did not reference to the specific plan provisions on which the determination is based.

3

22. Ms. Piell's October 4, 2019 appeal denial also completely and utterly misstated and misinterpreted the facts.

23. In an effort to resolve the dispute between the parties, counsel for Plaintiff wrote a letter to Defendants on May 27, 2020 demanding payment under the Plan.

24. On June 5, 2020, in a clear attempt to sidestep the procedural failures stated above, counsel for CME Group responded indicating that CME Group would allow Plaintiff additional time to complete his appeal. Of course, this completely misconstrues the fact that Plaintiff had already appealed.

25. In addition, the letter *still* did not provide Plaintiff with the specific reason for denial of his claims. The letter *still* did not reference any plan provision the denial was based on. The letter *still* did not inform Plaintiff that he was entitled to receive the documents that formed the basis of his appeal. CME Group *still* failed to provide a complete record of documents it relied on in making the determination on Plaintiff's claim and appeal.

26. Thus, even though CME Group had their attorney review the correspondence and even though CME Group had just been told about the deficiencies in the previous proceeding, CME Group merely tried to cover their tracks by claiming to allow Mr. Cohen a chance to file an appeal which they claim had not been previously filed. It is unclear how Mr. Cohen could specifically address the reason for the denial of his benefits without knowing why his benefits were denied or what plan provision they were denied under.

4

27. Nevertheless, due to the fact that CME Group *still* had not provided the record on which it relied on to deny Mr. Cohen's claim and appeal, counsel for Mr. Cohen once again demanded these records via a letter on July 14, 2020.

28. On July 21, 2020, CME Group produced additional records it used in making its determination on Mr. Cohen's benefit request and appeal. These records were still incomplete. However, the fact that CME Group produced these records more than a year after the first adverse determination letter is an admission that the proper records had not been previously produced in violation of ERISA regulations.

29. On August 3, 2020, as a final attempt to resolve this dispute, Mr. Cohen's attorney sent CME Group a final letter demanding payment.

30. On October 1, 2020, CME Group again refused to pay Plaintiff.

31. The October 1, 2020 letter was from Defendant Piell, the Plan administrator.

32. Defendant Piell is a fiduciary of Plaintiff and she owes Plaintiff a fiduciary duty. Nevertheless, throughout this process, Ms. Piell has acted like a prosecutor of Plaintiff. Not only has Ms. Piell ignored ERISA regulations, she has misconstrued the facts in a dishonest manner and has done everything possible to prevent Plaintiff from receiving the benefits he is entitled to.

33. Ms. Piell decided, before investigating, that Plaintiff was not entitled to benefits and then sought evidence to support that conclusion. The documents that have been produced by Defendants show that when Ms. Piell was investigating Plaintiff's claim, she deliberately asked leading questions so as to find evidence to fit into a determination that Plaintiff was not entitled to benefits.

5

34. CME's conduct should be a lesson for anyone who is considering a job with CME – they have created a system to deny ERISA benefits. Do not trust that any benefits, severance, healthcare, or any other offered benefit, will be fairly provided. The person CME has appointed to act as the employee's fiduciary will act as a prosecutor to ensure that you will not get the benefits you deserve. CME will fight you for every inch of what you deserve. This is a powerful statement to any potential employee. It is also evidence of bad faith and why CME must be forced to pay Mr. Cohen's attorney's fees in this matter.

## FIRST CAUSE OF ACTION

*Violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)*

*against Defendants*

35. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

36. Pursuant to the terms of the Plan, Plaintiff was an employee eligible to receive severance benefits under the Plan.

37. The termination of Plaintiff's employment by CME Group was a qualifying termination under the Plan.

38. Despite qualifying for severance benefits, the Plan denied Plaintiff benefits to which they were entitled under the terms of the Plan, in violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

39. As a result, Plaintiff suffered a loss of their severance benefits, and Plaintiff seeks recoupment of their benefits, with interest and attorneys' fees

6

40. Defendants violated ERISA regulations in several ways during the administrative process. Thus, the Court should review the decision to deny Plaintiff severance benefits under a *de novo* standard.

## SECOND CAUSE OF ACTION

Violation of 29 U.S.C. §1132(c)

41. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

42. Defendants were required to provide Plaintiff plan documents and the documents on which it based its denial of Plan benefits on.

43. Defendants failed to provide the plan documents or the documents on which it based its denial of Plan benefits on.

44. To this day, Plaintiff are withholding documents which Plaintiff is entitled to.

45. The Defendants have withheld these documents in bad faith to hinder Plaintiff's ability to pursue his claim and obtain the benefits due to him.

46. The Court may impose a penalty on Defendants for the above ERISA violations and Plaintiff respectfully requests that the Court impose the highest possible penalty on Defendants.

## RELIEF

47. Wherefore, the Plaintiff demand the following relief:

   a. The benefits he is entitled to under ERISA;

   b. Interest on the amount recouped;

   c. Reasonable costs and attorney's fees;

   d. An award of penalties for ERISA violations; and

7

   e. Such other relief as the Court deems just and proper.

Dated: New York, New York
   March 17, 2021

                   Respectfully Submitted,
                   Law Offices of Jason Lowe

                 /s/ *Jason Lowe*
                   By: Jason Lowe
                   Attorneys for Plaintiff
                   35 West 96th Street, 2C
                   New York, NY 10025
                   (212) 457-8698
                   JasonFLowe@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF New York
-----------------------------------------------------------------x
Samuel Cohen,

                        Plaintiff/Petitioner,

        - against -                                Index No.

CME Group Inc. Severance Plan, CME Group Inc., and Hilda
Piell,

                       Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**

**(Consensual Case)**

(Uniform Rule § 202.5-b)

    **You have received this Notice because:**

        1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

        2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

    **To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 3/17/2021

Jason Lowe
_____
Name

Law Offices of Jason Lowe
_____
Firm Name

35 West 96th Street, 2C
_____
Address

New York, NY 10025
_____

(212) 457-8698
_____
Phone

JasonFLowe@gmail.com
_____
E-Mail

To:  Defendants
_____

_____

2/24/20